NOT DESIGNATED FOR PUBLICATION

No. 123,404

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGEL MARIE WAHQUAHBOSHKUK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Opinion filed November 12, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., CLINE and HURST, JJ.

PER CURIAM: Angel Marie Wahquahboshkuk appeals the district court's decision to revoke her probation and impose her underlying prison sentence, claiming it was an abuse of discretion. This court granted Wahquahboshkuk's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has not responded. After reviewing the record and finding no error, the district court's decision to revoke Wahquahboshkuk's probation and impose her underlying prison sentence is affirmed.

1

In August 2019, Wahquahboshkuk pled no contest to one count of possession of methamphetamine, a severity level 5 drug felony, for the crime committed on January 7, 2019. The State and Wahquahboshkuk agreed that she had a criminal history score of H, and the district court sentenced her to 12 months of supervised probation with an underlying sentence of 13 months' imprisonment pursuant to the revised Kansas Sentencing Guidelines Act, K.S.A. 2018 Supp. 21-6801 et seq. The district court ordered Wahquahboshkuk's sentence in this case to run consecutive to a previous case not pertinent to this appeal.

In November 2019, the State filed a motion to revoke Wahquahboshkuk's probation for allegedly attempting to alter a urine sample. Wahquahboshkuk stipulated to the violation at the probation violation hearing later that month. The district court modified her probation and converted it to intensive supervised probation with community corrections.

In April 2020, the State filed a second motion to revoke probation, alleging Wahquahboshkuk committed technical violations by failing to report to her intensive supervision officer (ISO), failing to refrain from drug use, and failing to submit to urinalysis tests—and that she committed a new crime. At the revocation hearing in June 2020, the district court heard testimony from multiple witnesses, including a police officer for the City of Topeka who testified that he arrested Wahquahboshkuk for criminal trespass after he found her inside a condemned residence. The officer testified the residence had condemnation postings on the exterior notifying any inquisitive people they were not allowed inside the premises. Wahquahboshkuk's ISO testified about her technical violations. He said Wahquahboshkuk failed to report, tested positive for methamphetamine, failed to submit to four urinalysis tests, and noted her arrest in Topeka. Ultimately, the district court found that Wahquahboshkuk had both committed a

new crime and committed several technical violations of her probation. The district court revoked Wahquahboshkuk's probation and imposed her underlying prison sentence.

Wahquahboshkuk timely appeals.

DISCUSSION

On appeal, Wahquahboshkuk claims the district court abused its discretion by revoking her probation and ordering her to serve her underlying prison sentence. This court reviews the district court's decision to revoke probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Wahquahboshkuk bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

There are several exceptions that allow a district court to revoke probation without having previously imposed an intermediate sanction. See K.S.A. 2018 Supp. 22-3716(c)(1), (9). One such exception permits a district court to do so if "the offender commits a new felony or misdemeanor while the offender is on probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction." K.S.A. 2018 Supp. 22-3716(c)(8)(A). Here, the record reveals that the State submitted sufficient evidence to support the conclusion, by a preponderance of the evidence, that Wahquahboshkuk committed the new crime of criminal trespass. While misdemeanor trespass might seem like a trivial crime, the district court correctly noted that the City of Topeka is free to create its own criminal code and that Wahquahboshkuk received a criminal citation for her actions. The State presented the testimony of the officer who found Wahquahboshkuk in the condemned house, which was sufficient to

3

support the court's finding. Regardless of the severity of the offense, Wahquahboshkuk committed a new crime, and that is enough to justify probation revocation.

The district court's finding that Wahquahboshkuk committed a new crime while on probation is supported by the record. Accordingly, it was well within its discretion to order her to serve her underlying sentence. Wahquahboshkuk does not point to any errors of law or fact in the district court's decision, nor does she show that no reasonable person would have taken the same position. The district court did not abuse its discretion.

Affirmed.